IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:25-CR-095-Z |
| KEVIN ALEXANDER HUNT | |

MOTION FOR PRETRIAL DETENTION AND CONTINUANCE

The United States asks for the pretrial detention of Defendant under Title 18, United States Code, Sections 3142(e) and 3142(f).

1. ***Eligibility of Case***.  This case is eligible for a detention order under 18 U.S.C. § 3142(f) because it is a case that involves:

    _____ A crime of violence as defined in 18 U.S.C. § 3156(a)(4), violation of section 1591, or federal crime of terrorism for which the maximum sentence is 10 years or more. (18 U.S.C. § 3142(f)(1)(A)).
    _____ An offense for which the maximum sentence is life imprisonment or death. (18 U.S.C. § 3142(f)(1)(B)).
    _____ A Controlled Substances Act offense for which the maximum sentence is 10 years or more. (18 U.S.C. § 3142(f)(1)(C)).
    _____ A felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses. (18 U.S.C. § 3142(f)(1)(D)).
    _____ A felony that involves a minor victim or failure to register as a sex offender. (18 U.S.C § 3142(f)(1)(E)).
    __X__ A felony that involves the possession or use of a firearm, destructive device, or any other dangerous weapon. (18 U.S.C § 3142(f)(1)(E)).
    _____ A serious risk defendant will flee. (18 U.S.C § 3142(f)(2)(A)).
    _____ A serious risk defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror. (18 U.S.C. § 3142 (f)(2)(B)).

**Motion for Pretrial Detention and Continuance – Page 1**

2. ***Reason for Detention.***  The Court should detain defendant, under 18 U.S.C. § 3142(e), because no condition or combination of conditions will reasonably assure:

      X   Defendant's appearance as required.
      X   Safety of any other person and the community.

3. ***Rebuttable Presumption.***  The United States will invoke the rebuttable presumption against defendant under 18 U.S.C. § 3142(e).  The presumption applies because there is:

    _____ A Controlled Substances Act offense for which the maximum sentence is 10 years or more.  (18 U.S.C. § 3142(e)(3)(A)).
    _____ An offense under Title 18, United States Code, Sections 924(c), 956(a), or 2332b.  (18 U.S.C. § 3142(e)(3)(B)).
    _____ A federal crime of terrorism for which the maximum sentence is 10 years or more.  (18 U.S.C. § 3142(e)(3)(C)).
    _____ An offense in Chapter 77 of Title 18 (human trafficking) for which the maximum sentence is 20 years or more.  (18 U.S.C. § 3142(e)(3)(D))
    _____ Previous conviction for "eligible" offense committed while on pretrial bond.  (18 U.S.C. § 3142(e)(2)).
    _____ a qualifying offense involving a minor victim.  (18 U.S.C. § 3142(e)(3)(E)).

4. ***Time for Detention Hearing***.  The United States requests the Court conduct the detention hearing:

    _____ At first appearance.
    _____ After continuance of three days.
      X   Moot at this time as defendant is in state [federal, administrative] custody.  Hearing requested if detention becomes a viable issue.

5. ***Eligibility for 10-Day Temporary Detention:*** The court may temporarily detain the defendant to permit revocation of conditional release, deportation, or exclusion because:

A. i)\_\_\_\_\_ The defendant is, and was at the time the offense was committed:

\_\_\_\_\_ on release pending trial for a felony under federal, state, or local law (18 U.S.C. § 3142(d)(1)(A)(i));
\_\_\_\_\_ on release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence, for any offense under federal, state, or local law (18 U.S.C. § 3142(d)(1)(A)(ii));
\_\_\_\_\_ on probation or parole for any offense under federal, state, or local law (18 U.S.C. § 3142(d)(1)(A)(iii)); or

ii)\_\_\_\_\_ The defendant is not a citizen of the United States or lawfully admitted for permanent residence as defined at 8 U.S.C. § 1101(a)(20) (18 U.S.C. § 3142(d)(1)(B));

B. And the defendant:

\_\_\_\_\_ may flee; or
\_\_\_\_\_ pose a danger to any other person or the community.

        Respectfully submitted,

        NANCY E. LARSON
        ACTING UNITED STATES ATTORNEY

        */s/ Joshua Frausto*
        JOSHUA FRAUSTO
        Assistant United States Attorney
        Attorney-in-Charge
        Texas State Bar No. 24074228
        500 South Taylor Street, Suite 300
        Amarillo, Texas  79101-2446
        Telephone:   806-324-2356
        Facsimile:    806-324-2399
        E-Mail: joshua.frausto@usdoj.gov